FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 09 2017
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**DAVID HARRIS**                                                          **PLAINTIFF**

vs.                              No. 2:17-cv-*101-KGB*

**LARRY PORTER SEED, LLC,**
**and LARRY PORTER**                                              **DEFENDANTS**

## ORIGINAL COMPLAINT

This case assigned to District Judge *Baker*
and to Magistrate Judge *Volpe*

COMES NOW Plaintiff David Harris ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Larry Porter Seed, LLC, and Larry Porter (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating a seed cleaning and delivery business in Monroe County, Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at its facility located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff David Harris is a citizen of the United States and a resident of and domiciled in the State of Arkansas. He was employed by Defendants to work as a delivery driver in Defendants' Monroe County warehouse.

9. While employed by Defendants as a delivery driver Plaintiff was non-exempt from the requirements of the FLSA.

10. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

11. Defendant Larry Porter Seed, LLC ("Larry Porter"), is a domestic for-profit limited liability company, registered to do business in the State of Arkansas, providing cleaning and delivery services of seeds.

12. Defendant Larry Porter's registered agent is Larry Porter, P.O. Box 197, 6982 Highway 33, Roe, Arkansas 72134.

13. At all relevant times, Defendant Larry Porter has had a minimum of four employees.

14. During each of the three years preceding the filing of this Complaint, Larry Porter employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to, vehicles, seed cleaning equipment, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

15. Defendant Larry Porter ("Porter") is a principal, director and/or officer of Larry Porter.

16. Upon information and belief, Defendant Porter controls or has the right to control the day-to-day operations of Defendant Larry Porter such that he is liable to Plaintiff as an employer under the FLSA.

17. Defendant Porter established and/or maintained the policies at issue in this case.

18. Defendant Porter was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

20. During the three (3) years prior to the filing of this lawsuit, Defendants employed Plaintiff to work as a delivery driver.

21. As a delivery driver, Plaintiff's primary duties were to deliver seeds to Defendants' customers within the State of Arkansas.

22. Plaintiff was misclassified by Defendants as exempt under the FLSA, and was paid hourly.

23. Defendants paid Plaintiff no overtime premium for weeks in which Plaintiffs worked more than forty (40) hours per week.

24. Plaintiff worked more than forty hours per week on a regular, typical basis while working for Defendants.

25. As a result, Plaintiff was deprived of regular wages and overtime compensation for all of the hours over forty (40) per week.

26. Defendants knew or should have known that the FLSA applied to the operation of its delivery business at all relevant times.

27. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to delivery employees.

28. Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiff and withhold overtime wages to him in an effort to enhance its profits.

## V. **FIRST CAUSE OF ACTION**

### (Individual Claim for Violation of the FLSA)

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

31. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

33. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in

a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

34. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA.

35. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

36. Defendants failure to pay Plaintiff all overtime wages owed was willful.

37. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

40. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay

one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

42. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA.

43. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

44. Defendants willfully failed to pay overtime wages to Plaintiff.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII. THIRD CAUSE OF ACTION

### (Violations of the anti-retaliation provisions of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. In December of 2016, Plaintiff filed a complaint with the U.S. Department of Labor, Wage and Hour Division, regarding Defendants pay practices.

48. Shortly thereafter, Defendants discovered through a search of phone records that Plaintiff was the individual who had contacted the Department of Labor; within a week of Defendants' discovery, Plaintiff was demoted and had his hours slashed from approximately 60 hours per week to approximately 20 hours per week.

49. Defendants also began harassing Plaintiff and informed other employees of Plaintiff's complaint, which led to further harassment by Plaintiff's co-workers.

50. Defendants' harassment and mistreatment of Plaintiff created such a hostile work environment that it led to Plaintiff's constructive discharge on May 8, 2017.

51. Defendants' actions are a direct and willful violation of the FLSA's anti-retaliation provisions at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against employees that have asserted their rights under the FLSA.

52. Employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

53. Defendants have engaged in a clear act of isolation, identification and retaliation against Plaintiff.

54. Plaintiff should be compensated for lost income due to Defendants' unlawful retaliation; and should be compensated for any pain, suffering or loss of face suffered as a result of Defendants' actions.

55. Further, punitive damages should be assessed against Defendants for their blatant and willful actions in firing Plaintiff in an effort to retaliate against Plaintiff for filing a complaint with the Department of Labor and to intimidate Plaintiff and all other current employees of Defendants who are entitled to overtime compensation and intentional violation of the anti-retaliation provisions of the FLSA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff David Harris respectfully prays as follows:

A.  That each Defendant be summoned to appear and answer this Complaint;

B.  A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

C.  A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

D.  Judgment for damages for all unpaid overtime wage compensation owed to Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.  Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

G.  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

H.  For a reasonable attorney's fee, costs, and pre-judgment interest; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DAVID HARRIS, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com